IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:14-CV-14-D

| | | |
|---|---|---|
| ANGELA L. LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] Angela L. Lester ("Plaintiff") filed this pro se action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income (SSI). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, the undersigned recommends that Plaintiff's Motion for Judgment on the Pleadings [DE#16] be denied and Defendant's Motion for Judgment on the Pleadings [DE #17] be granted.

---

[1] Plaintiff filed a two-page memorandum labeled "Answer" [DE #16], in which she requests benefits be awarded. The undersigned construes this document as a motion for judgment on the pleadings.

**STATEMENT OF THE CASE**

Plaintiff protectively filed an application for a period of disability, DIB, and SSI on April 2, 2010 (Tr. 81-82, 107-08), alleging disability beginning March 13, 2008 (Tr. 189, 193). The applications were denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 81-82, 107-08, 143.) On September 25, 2012, a hearing was held before Administrative Law Judge Jeffery M. Jordan ("ALJ"), who issued an unfavorable ruling on October 24, 2012. (Tr. 30, 23.) On January 9, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Acting pro se, Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

**I.      Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant

evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*.

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since March 13, 2008. (Tr. 15.) Next, the ALJ determined Plaintiff had the following severe impairments: "congestive heart failure; diabetes mellitus; cataract; glaucoma; obesity with knee pain; and substance use disorder (alcohol)." (*Id.*) The ALJ also found that Plaintiff had the following non-severe impairments: "coronary atherosclerosis, esophageal reflux, degenerative arthritis and scoliosis, carpal tunnel syndrome, lumbar myofascitis, dorsal myofascitis, and depressive/affective disorder with anxiety." (Tr. 16.)

However, at step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the ability to perform less than the full range of light work and provided the following limitations:

> She can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently from waist to chest level. She can stand/walk about 6 hours and sit 6 hours within an 8-hour workday. She must avoid climbing ladders, ropes, and scaffolds but can perform other postural movements (e.g., stairs) on an occasional basis. She must avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity. She needs a work environment that has close proximity to a restroom such as an office setting on the same floor. She must avoid constant use of vision and depth perception.

(Tr. 18.) In making this assessment, the ALJ found Plaintiff's statements about the severity of her symptoms not fully credible. (*Id.*) At step four, the ALJ concluded Plaintiff had the RFC to perform the requirements of her past relevant work as a leasing agent and a secretary, and he ended his inquiry finding Plaintiff not disabled. (Tr. 22.)

**IV.    Plaintiff's Contentions**

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in his analysis of the opinions of consultative examiner, Leland D. Whitelock, M.D. Second, Plaintiff asserts that she has enclosed evidence with her memorandum that there is a "Job Coach's testimony stating that [Plaintiff] can't find a job with [her] disabilities." (Pl's Mot. J. Pleadings at 2 [DE #16].)

**A.    Consultative Examiner**

Plaintiff's first assignment of error is that the ALJ incorrectly stated that Plaintiff's visual acuity was 20/40 according to Dr. Whitelock. Dr. Whitelock stated, "[Plaintiff's] examination

reveals vision without correction to be 20/50 OD and 20/50 OS and J2 in both eyes at near. With correction her vision is 20/40 in both eyes at distance and J1 in both eyes at near." (Tr. 413.) Dr. Whitelock goes on to explain, "Humphrey 30-2 visual field shows a marked visual field defect generally in both eyes. . . . There are a large number of fixation losses and false negative errors, suggesting poor reliability of the visual field." (*Id.*) He then concludes that Plaintiff "should not have any significant limitations regarding her ability to be employed, as long as the required vision is not better than 20/40." (*Id.*)

An ALJ "is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996). An ALJ must further "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7 (Jul. 2, 1996). As part of this consideration and explanation, an ALJ must evaluate all medical opinions in the record. 20 C.F.R § 404.1527(b) & (c); *see also Monroe v. Colvin*, No. 7:13-CV-74-FL, 2014 WL 7404136, at *16 (E.D.N.C. Dec. 30, 2014). Medical opinions are "statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Controlling weight will be given to "a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) [if it] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2); *Craig,* 76 F.3d at 590.

5

Here, the ALJ gave significant weight to Dr. Whitelock's opinion that Plaintiff "should not have any significant limitations regarding her ability to be employed, as long as the required vision is not better than 20/40." (Tr. 413.)  Plaintiff takes issue with the fact that at the hearing the ALJ questioned Plaintiff as to whether her vision was 20/40.  Plaintiff contends that this was in error and that her visual acuity was not in fact 20/40.  While Dr. Whitelock indicated that Plaintiff's vision was 20/50 in both eyes and she has cataracts and possible glaucoma, he found her ability to work limited only to the extent she would be required to have greater than 20/40 vision. Additionally, the ALJ never stated that Plaintiff's vision was 20/40. (Tr. 46.)  He merely questioned Plaintiff as to whether that was her visual acuity. (Tr. 46.)  The ALJ sufficiently accounted for Plaintiff's visual limitations in determining that Plaintiff "must avoid constant use of vision and depth perception."  (Tr. 18.)

Because the ALJ did not state that Plaintiff's vision was in fact 20/40 as indicated by Plaintiff, he did not err in his statements when questioning Plaintiff about her visual acuity.  The record and ALJ's decision also indicate that the ALJ gave significant weight to Dr. Whitelock's recommendations concerning Plaintiff's vision and provided limitations in the RFC to account for Plaintiff's visual impairments.  The ALJ did not err in this regard, and this claim should therefore be dismissed.

      **B.    Job Coach**

Plaintiff contends that evidence filed with her motion shows that a job coach provided testimony that she cannot find a job with her disabilities.  There is no evidence included from a job coach or any vocational rehabilitation specialist.  To the extent Plaintiff is referring to the testimony of the VE, the VE testified that Plaintiff would be able to perform her past work as a

6

Case 2:14-cv-00014-D   Document 20   Filed 05/26/15   Page 6 of 7

leasing agent and secretary given the residual functional limitations found by the ALJ. As the ALJ's findings are consistent with the VE's testimony, this claim should be dismissed.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings [DE #16] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE #17] be GRANTED, and the Commissioner's decision be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 26th day of May 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge